ELECTRONICALLY FILED
11/29/2023 8:30 AM
Heidi Percy
County Clerk
Snohomish County, WASH
Case Number: 23-2-08769-31

IN THE SUPERIOR COURT OF WASHINGTON
COUNTY OF SNOHOMISH

| | |
|---|---|
| BRIAN SANCHEZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, OSCAR G. GOMEZ, AREIG AWAD, VALERIE M. WEER, AIDEN TRO, JONATHAN D. STITZ, BO L. SMOKOSKA, SUSAN P. COLLINS and DOES I-X inclusive<br><br>Defendants. | 23-2-08769-31<br>Case No.<br><br>COMPLAINT FOR DAMAGES |

COMES NOW Plaintiff Brian Sanchez by and through the undersigned attorney, and for the causes of action against the above-named Defendants, alleges and avers as follows:

## I. INTRODUCTION



**Civil Rights Justice Center, PLLC**
1833 N 105th Street, Suite 201
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1. Brian Sanchez was an inmate that was housed at the Twin Rivers Unit (TRU) of the Monroe Correctional Complex at all times relevant to the claims in this lawsuit. He was assaulted and deprived of his constitutional rights and his serious medical and dental needs were ignored by defendants.

2. As a result of defendants deliberate indifference and negligence, plaintiff has suffered great pain and deprivation of his civil, statutory, and constitutional rights, physical injury as well as mental and emotional distress.

## II. VENUE

3. At all times relevant to the unlawful acts and practices alleged herein, Sanchez was housed as an inmate at the Monroe Correctional Complex in Snohomish County. Thus, the Snohomish County Superior Courthouse is the appropriate forum for this matter.

## III. PARTIES

4. Plaintiff Brian Sanchez is an adult male who was previously incarcerated at the Twin Rivers Unit (TRU) of the Monroe Correctional Complex ("MCC") in Monroe, Washington.

5. Defendant State of Washington was at all times mentioned herein the public entity that owns and operates the Washington State Department of Corrections.

6. Defendant Washington State Department of Corrections ("DOC") is an agency of the State of Washington and is a public entity that has at all times mentioned herein had complete control over plaintiff because he was housed in its prison system.

7. Defendant Oscar G. Gomez is now, and at all times relevant to this complaint, was a Corrections and Custody Officer at the Washington Department of Corrections and at all times herein mentioned was acting under the color of law and was an agent or employee of the of Washington State Department of Corrections.



**Civil Rights Justice Center, PLLC**
1833 N 105th Street, Suite 201
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

8. Defendant Dr. Areig Awad was at all times relevant to this complaint, was the Facility Medical Director for the Monroe Correctional Complex and responsible for the administration of all medical and dental care at the institution. At all times herein mentioned, Dr. Areig Awad was acting under the color of law and was an agent or employee of the of Washington State Department of Corrections.

9. Defendant Dr. Valerie M. Weber is now, and at all times relevant to this complaint, was a dentist licensed to practice in Washington and an employee or agent at the Washington Department of Corrections and at all times herein mentioned was acting under the color of law and was an agent or employee of the of Washington State Department of Corrections.

10. Defendant Aiden Tro is now, and at all times relevant to this complaint, was a dentist licensed to practice in Washington and an employee or agent at the Washington Department of Corrections and at all times herein mentioned was acting under the color of law and was an agent or employee of the of Washington State Department of Corrections.

11. Defendant Jonathan D. Stitz is now, and at all times relevant to this complaint, was a Corrections and Custody Officer at the Washington Department of Corrections and at all times herein mentioned was acting under the color of law and was an agent or employee of the of Washington State Department of Corrections.

12. Defendant Bo L. Smokoska is now, and at all times relevant to this complaint, was a Correction Officer at the Washington Department of Corrections and at all times herein mentioned was acting under the color of law and was an agent or employee of the of Washington State Department of Corrections.

13. Defendant Susan Collins is now, and at all times relevant to this complaint, was a Correction Unit Supervisor (CUS) at the Washington Department of Corrections and at all times



**Civil Rights Justice Center, PLLC**
1833 N 105th Street, Suite 201
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

herein mentioned was acting under the color of law and was an agent or employee of the of Washington State Department of Corrections.

14. Defendants Does I through X now, and at all times relevant to this complaint, were employees of the Washington Department of Corrections to be identified through the discovery process.

15. Each defendant is, and at all times herein mentioned was acting under the color of law and was an agent of Washington State Department of Corrections and acting within the course and scope of that agency in causing the harm as herein alleged.

## IV. ADMINISTRATIVE PROCEEDINGS

16. Sanchez filed a tort claim on September 20, 2023. A response was received on September 22, 2023.

## V. STATEMENT OF FACTS

17. On November 1, 2021, Brian Sanchez was removed from his cell in the Twin Rivers Unit (TRU) in Monroe Correctional Complex by correction officers Gomez, Smokoska, and Stitz who claimed that they were under the assumption that Mr. Sanchez had used drugs.

18. Mr. Sanchez was then assaulted by correction officers and slammed to the ground, which led to the onset of a seizure.

19. Mr. Sanchez was then administered Ativan, a sedative used to treat seizure disorders such as epilepsy.

20. The administration of Ativan caused Mr. Sanchez to gain consciousness after his seizure. Upon gaining consciousness, Sanchez became aware of pain in his right hand and in his teeth, which had been broken when he was slammed to the ground.



**Civil Rights Justice Center, PLLC**
1833 N 105th Street, Suite 201
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

21. In the months following this incident, Mr. Sanchez has not received adequate treatment for his injuries.

22. Brian Sanchez has a family history of seizures. Both Mr. Sanchez's father and nephew suffer from the same condition and the cause of these seizures is unknown to the doctors who have attempted to treat them.

23. After being removed from the hospital, Mr. Sanchez was placed in the IMU pending an investigation for the possession of drugs.

24. On November 3, 2021, Mr. Sanchez filed a grievance regarding the holding policies and procedures. At the time, Sanchez was enrolled in Edmonds Community College Computer Programming and being placed in the IMU was impeding Mr. Sanchez's ability to continue with his education.

25. On November 4, 2021, Mr. Sanchez received x-rays for his upper right back, bilateral wrist, and hand. These x-rays revealed no abnormalities.

26. On November 11, 2021, Mr. Sanchez filed a Health Services Kite (HSK) explaining that while he was aware of the lack of fractures in his arm, he was still experiencing numbness in his hand two weeks after the initial incident.

27. On November 15, 2021, Sanchez filed another Health Services Kite explaining that the mold for one of his teeth had come off in the past week, causing him to be in a significant amount of pain. This pain could be felt in his ear, face, and head and was making it difficult for him to sleep. The response from Health Services only instructed Mr. Sanchez that he was to be scheduled and to watch for callout.

28. On November 19, 2021, Mr. Sanchez submitted a HSK stating that he would like to go back on his anxiety medication as he had been experiencing high levels of anxiety and



**Civil Rights Justice Center, PLLC**
1833 N 105th Street, Suite 201
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

paranoia. Sanchez expressed the urgent need to talk to someone as he did not feel his normal self. Health Services did not respond to this kite until February 25, 2022.

29. Shortly after the initial incident, Mr. Sanchez submitted a resolution request explaining that after his seizure on November 1, 2021, he did not receive appropriate medical care.

30. On November 25, 2021, Mr. Sanchez filed a kite inquiring as to why there had been no developments with his initial request.

31. On November 26, 2021, Sanchez filed a HSK explaining that he was still experiencing a loss of sensation in his hand and teeth but has not heard anything from the medical department. Sanchez expresses a need for help and medical care as soon as possible.

32. Further, on December 13, 2021, Mr. Sanchez filed an additional resolution request concerning his lack of medical treatment following his seizure on November 1, 2021. The specialist response asked for further clarity on the type of medical care that was needed and what was specifically not provided.

33. On December 19, 2021, Sanchez submitted a HSK stating that his right hand is still without feeling and it has been like that since November 1, 2021. He expressed confusion about why he had not yet seen a neurologist as he was told there was going to be an appointment scheduled. Health Services responded, stating that there is an appointment for Mr. Sanchez to see a neurologist but unknown exactly when Sanchez would be scheduled.

34. On December 27, 2021, Mr. Sanchez submitted a HSK detailing that his teeth have been hurting for more than 2 months and he has not been seen by dental. His molds had previously come off, leaving the root and nerve exposed and making it extremely painful to eat or drink. Sanchez explains he has put in multiple kites surrounding this issue and has not been seen by a medical provider.



**Civil Rights Justice Center, PLLC**
1833 N 105th Street, Suite 201
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

35. On January 4, 2022, Mr. Sanchez filed another resolution request for an ongoing incident. Sanchez once again expressed that he had not received adequate medical treatment and was actively suffering from a lack of feeling in his right hand.

36. On January 12, 2022, Mr. Sanchez was seen for an additional x-ray meant to evaluate numbness in his right fingertips and palm of his hand. The impression of the radiologist was there that the hand was within normal limits and there were no significant abnormalities.

37. On January 17, 2022, Mr. Sanchez filed a kite stating that his hand is still numb and has been so for 3 months. At this point, Sanchez has received two x-rays and has not been issued a diagnosis. He explains the pain is causing him significant emotional distress and believes that the injury comes from when the CO's cuffed him too tight.

38. On March 4, 2022, Sanchez was examined by Dr. Valerie Weber as a result of his declaring a dental emergency because his front teeth hurt, and he had pain up to her nose and under his eye. He was prescribed Ibuprofen and Tylenol

39. On March 27, 2022, Sanchez filed an emergency HSK explaining that he is in severe pain and got a root canal on two of his teeth without receiving any pain medication other than Ibuprofen and Tylenol.

40. On March 30, 2022, Sanchez was seen by Dr. Aiden Tro, DDS for ongoing pain in his face. Dr. Tro wrote operative site healing slower than expected and told him to continue the Ibuprofen and Tylenol.

41. On April 18, 2022, Sanchez reported to Physical Therapy complaining that 3 fingers on his right felt numb. He had intermittent forearm pain which occasionally traveled to his shoulder. Wrist pain worsened if he did push-ups. He was given lifting restrictions and exercises



**Civil Rights Justice Center, PLLC**
1833 N 105th Street, Suite 201
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

to do, and he was told he has possible carpal syndrome and scheduled a follow up appointment in one month which did not occur.

42. As of October 3, 2022, Mr. Sanchez has not had his teeth assessed and he was in a significant amount of pain.

43. As a result of his interaction with the corrections officers on November 1, 2021, Mr. Sanchez began to see a mental health counselor within the DOC, Dr. Gomes, once a month, spanning from February to October 2022. Within this time period, Dr. Gomes diagnosed Mr. Sanchez with PTSD, depression, and anxiety disorders. Mr. Sanchez, as a result of these diagnoses, was prescribed Abilify and Trazodone.

44. The delays in Mr. Sanchez' care by the Department of Corrections have caused substantial and unnecessary suffering as it relates to his mental health, dental care, and the treatment of his right hand, which continues to experience bouts of numbness.

## VI. FIRST CAUSE OF ACTION

**(Assault and Battery and Intentional Infliction of Emotional Distress)**

45. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 44 with the same force and effect as if such paragraphs were separately realleged in this First Cause of Action.

46. The conduct of defendants Gomez, Smokoska and Stitz, which included usage of excessive physical force, was intentional, extreme and outrageous and done for the purpose of causing plaintiff to suffer pain and severe emotional distress.

47. As a direct and proximate result of defendants' intentional conduct, plaintiff sustained economic and non-economic damages, including, without limitation, mental suffering,



**Civil Rights Justice Center, PLLC**
1833 N 105th Street, Suite 201
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

emotional distress, emotional trauma, physical pain and suffering, and other mental pain and suffering; and other damages, which will be proven at trial.

## VII. SECOND CAUSE OF ACTION

### (Negligence—Against All Defendants)

48. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 47 with the same force and effect as if such paragraphs were separately realleged in this Second Cause of Action.

49. At all times defendants owed Sanchez, as well as all of its inmates, a non-delegable duty of care to provide for his health and welfare while being housed in its prisons and to provide timely and appropriate care, safety, along with dental and medical treatment to him while he was in custody. They failed to do so and allowed Sanchez to become injured.

50. The Washington Department of Corrections was at all times charged with the care of plaintiff's medical and dental needs. It therefore had a non-delegable duty to provide plaintiff with adequate dental and medical care. It along with the other named defendants breached its duty of care to plaintiff by failing to adequately treat his dental and medical needs or to provide him with treatment, resulting in prolonged numbness in his right hand and severe tooth pain. The defendants acted in conscious disregard of the risks of harm to Sanchez which proximately caused the aggravation of his injuries and led to loss of sleep and the inability to eat.

51. As a direct and proximate result of defendants' negligent conduct, Sanchez sustained economic and non-economic damages, including, without limitation, mental suffering, emotional distress, emotional trauma, physical pain and suffering, and other damages in an amount which will be proven at trial.



**Civil Rights Justice Center, PLLC**
1833 N 105th Street, Suite 201
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

## VIII. THIRD CAUSE OF ACTION

**(Medical Negligence—Against Weber, Tro and Areig Awad**

52. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 51 with the same force and effect as if such paragraphs were separately realleged in this Third Cause of Action.

53. Defendants failed to provide adequate treatment or pain medication to Sanchez following his root canal treatment and failed to coordinate the necessary steps for plaintiff to be seen in a timely manner for his severe tooth pain and numbness in his right hand as a result of the force used on him by correctional staff defendants. The Department of Corrections was the only entity capable of coordinating plaintiff's care because plaintiff is incarcerated in their facilities and fully under their control.

54. Due to unreasonable delays in care caused by the Department of Corrections, the plaintiff's right hand and wrist were in constant pain. The general treatment of plaintiff caused his pain to worsen, which impacted his ability to eat, sleep, and talk. Accordingly, the plaintiff is entitled to damages in an amount to be proven at trial.

## IX. FOURTH CAUSE OF ACTION

**(42 U.S.C. § 1983--Eighth Amendment—Deliberate Indifference to Serious Medical Condition Against Valerie Weber, Aiden Tro and Areig Awad)**

55. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 54 with the same force and effect as if such paragraphs were separately realleged in this Fourth Cause of Action.



**Civil Rights Justice Center, PLLC**
1833 N 105th Street, Suite 201
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

56. The Eighth Amendment protects inmates against infliction of "cruel and unusual punishment." Defendants violated the Eighth Amendment by acting with deliberate indifference to the serious medical and dental needs of the plaintiff.

57. At all times material hereto, defendants jointly and severally had a duty under the Eighth Amendment of the U.S. Constitution to not be deliberately indifferent to the known serious needs of inmates at the Washington Department of Corrections ("DOC"). This duty arose from the individual defendants' capacity as agents or employees of the DOC. Because defendants had a non-delegable duty to provide dental and medical services to the plaintiff, the DOC and its agents and employees acted under the color of law while providing these services.

58. Defendants failed to provide adequate dental and medical care for plaintiff contrary to plaintiff's attempts to inform them of urgent developments in his condition. Despite defendants' knowledge of his dental and medical needs, each individual defendant intentionally, or through the exercise of deliberate indifference, failed or refused to provide plaintiff with the proper dental and medical care known to be necessary under plaintiff's circumstances.

59. As a direct and proximate result of the actions and omissions of the defendants as described above, plaintiff has suffered chronic pain and emotional distress. The full extent of his injuries will be proven at trial.

60. The actions of the individual defendants, as described in this complaint, were deliberately indifferent to the serious medical and dental needs of plaintiff and done in conscious disregard of the harm that would be inflicted upon plaintiff.

## X. PRAYER

WHEREFORE, plaintiff prays for the following relief against defendants:



**Civil Rights Justice Center, PLLC**
1833 N 105th Street, Suite 201
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

A. For general and special compensatory damages and against all defendants according to proof at trial;

B. For a jury trial on all issues triable by jury;

C. For reasonable attorney fees according to law or statute;

D. For costs of suit incurred herein; and

E. For such other and further relief as the Court may deem just.

DATED: November 28, 2023, at Seattle, Washington.

CIVIL RIGHTS JUSTICE CENTER, PLLC

*/s/ Darryl Parker*______________________
Darryl Parker, WSBA #30770
Attorney for Plaintiff



**Civil Rights Justice Center, PLLC**
1833 N 105th Street, Suite 201
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183